1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9 | ANNE BLOCK,

10 |                  Plaintiff,                  | CASE NO. C18-1048-RAJ

11

12 |          v.                                  | AMENDED ORDER

13 | SNOHOMISH COUNTY, et al.,

14

15 |                  Defendants.

16        The Court issues this Amended Order to clarify its position in its previous Order

17 (Dkt. # 30) regarding Plaintiff Anne Block's Bar Order entered at Dkt. # 122 in *Block v.*

18 *Washington State Bar Association et al.*, 2:15-cv-2018-RSM.  On February 11, 2019, the

19 Ninth Circuit Court of Appeals vacated the Bar Order on procedural grounds and

20 remanded with instructions to give Plaintiff notice and an opportunity to oppose a future

21 such order.  *Id*. at Dkt. # 213.

22        This Amended Order clarifies that in its previous Order (Dkt. # 30), the Court did

23 not rely on the enforceability of the Bar Order in dismissing Plaintiff's claims in this case

24 with prejudice.  The Court notes, however, that the Order included two sentences that

25 impressed upon Plaintiff the need to follow the Bar Order in future filings.  On this point,

26

27

28 ORDER – 1

the differences between this Order and the original Order are the second-to-last paragraphs of Section III.A and III.C, where the two sentences have been removed.

Moreover, because Chief Judge Martinez already affirmed on February 19, 2019 this Court's decision denying Plaintiff's Motion for Disqualification (Dkt. # 22), this Amended Order will not repeat the referral process under Local Civil Rule 3(f). The changes to this Amended Order do not affect in any way this Court's analysis on that request, and they do not change that ruling. The Introduction, Conclusion, and Section III.D are updated accordingly removing this referral language and noting that Chief Judge Martinez approved of the Court's decision.

## I. INTRODUCTION

This matter comes before the Court on Motions to Dismiss filed by Defendants Shannon Ragonesi, Amanda Butler and Keating, Buckling and McCormick (collectively, the "KBM Defendants"), and Defendants Snohomish County and Commissioner Jacalyn Brudvik (collectively, the "Snohomish County Defendants"). Dkt. ## 12, 19. The Court also considers Plaintiff Anne Block's ("Plaintiff") Motion for Extension of Time (Dkt. # 21), several motions included in Plaintiff's Responses to Defendants' Motions to Dismiss (Dkt. ## 16, 22), Plaintiff's Motion to Strike Supplemental Authorities, and Plaintiff's Surreply, which contains a Motion to Strike. Dkt. ## 25, 27.

For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Extension of Time (Dkt. # 21), **GRANTS** Defendants' Motions to Dismiss (Dkt. ## 12, 19), and **DISMISSES** Plaintiff's claims against these Defendants **WITH PREJUDICE**. The Court **DENIES** all of Plaintiff's other outstanding motions. Dkt. ## 22, 25, 27. Moreover, the Court also **ORDERS** the Plaintiff to **SHOW CAUSE**, within fourteen (14) days of this Order, why this case should not also be dismissed as to Defendant Pat McMahon.

## II. BACKGROUND

### A.    Ms. Block's Litigation History

The saga of legal proceedings connected with this, and other cases filed by Plaintiff, is extensive.  The Court will not devote an inordinate amount of time recounting the long history of Plaintiff's legal conquest against the City of Gold Bar, Snohomish County, and the court systems in the State of Washington.  Those facts are set forth in great details in orders from Plaintiff's previous cases before this Court.  However, a brief summary of Plaintiff's litigation history before this Court is necessary to view Plaintiff's Complaint in the proper context.

Generally, Plaintiff's claims all stem from ongoing disputes with the City of Gold Bar and Snohomish County that started with the entities' responsiveness to Plaintiff's Public Records Act requests.  The first case, *Anne Block v. City of Gold Bar*, Case No. C14-cv-00235-RAJ, involved claims against the City of Gold Bar, Snohomish County, and current and past municipal employees and officials, alleging a conspiracy to violate her rights.  This Court granted the Defendants' initial motion to dismiss but granted leave to amend.  Dkt. # 61, *Block v. City of Gold Bar*, Case No. C14-cv-00235-RAJ.  After Plaintiff filed an amended complaint, the Defendants again moved to dismiss for failure to state a claim, which this Court granted, dismissing Plaintiff's claims with prejudice. *Id.*, Dkt # 89.  On January 5, 2016, this Court went on to grant Defendants' motion for an award of attorney's fees finding: (1) Plaintiff's claims to be "entirely groundless and frivolous"; (2) Plaintiff vexatiously pursued this litigation in bad faith; and, (3) that Plaintiff "continued much of her abusive conduct even after the Court specifically forbade Plaintiff from doing so."  *Id.*, Dkt. # 107 at 4-6.

Judge Martinez presided over the second case, *Block v. Washington State Bar Association et al.*, 2:15-cv-2018-RSM.  In that case, Plaintiff filed a complaint naming 56 different Defendants including the City of Gold Bar, Snohomish County, current and former city and county employees and officials, and the attorneys who had represented

ORDER – 3

the municipal defendants and their employees in prior lawsuits filed by Plaintiff, again alleging a widespread RICO conspiracy to violate her rights. *Id.* at Dkt. # 1. Judge Martinez granted the Defendants' motions to dismiss with prejudice and without leave to amend. *Id.* at Dkt. ## 84, 122. In dismissing Plaintiff's claims, Judge Martinez noted that "considering Plaintiff's litigation history in this and other courts, and viewing the record in this case as a whole, it is clear to the Court that Plaintiff has engaged in this litigation vexatiously and as a means of harassment of the Defendants, and not merely to seek justice for her alleged injuries." *Id.*, Dkt. # 122 at 21. Judge Martinez's Order echoed some of specific instances of objectionable behaviors from Plaintiff that this Court recognized in its previous Order, such as (1) referring to Defendant's attorneys as "pieces of shit"; (2) responding to defense motions by threatening to bring more lawsuits; and (3) stating in open court that if the court ruled in favor of her opponents that she would file a lawsuit against them every week. *Id.* at 23-24. Accordingly, Judge Martinez also entered a Bar Order imposing prefiling restrictions on any *pro se* case filed by Ms. Block in the Western District of Washington. *Id.* at 25-26. Under these restrictions, Plaintiff must show good cause permitting such action, setting forth the viability of every claim in light of her previous litigations; if Plaintiff does not make such a filing, the Court will dismiss Plaintiff's action *sua sponte* and may impose sanctions. *Id.*

On May 8, 2018, Plaintiff "inexplicably" filed another lawsuit in the Middle District of Pennsylvania against the Washington State Bar Association and 29 other Washington defendants associated with her legal actions; the case was quickly transferred to this Court. *See* Dkt. ## 1, 4, *Block v. Washington State Bar Association et al.*, 2:18-cv-907-RSM. Judge Martinez determined that the Bar Order applied to Plaintiff's suit and dismissed Plaintiff's complaint. *Id.* at Dkt. # 62.

On June 27, 2018, Plaintiff filed the present case in Snohomish County Superior Court, which was subsequently removed to this Court. Dkt. # 1-1. A few days later, on

ORDER – 4

July 2, 2018, Plaintiff filed an action in Pierce County Superior Court, naming King County Superior Court, King County, King County Superior Court Judges Michael Scott, Julie Spector, Laura Inveen, and Beth Andrus, defense counsel for the City of Gold Bar, and the Mayor of Gold Bar as Defendants. *Block v. King County Superior Court, et al.* Case No. 3:18-cv-05579-BHS. That case, which argued claims similar to Plaintiff's Complaint in this case, was also removed from a Washington Superior Court. *Id*. at Dkt. # 1. On September 29, 2018, Judge Settle granted the Gold Bar Defendants' motion to dismiss, and on January 14, 2019 the King County Defendants' motion for summary judgment on the basis that Plaintiff's claims were barred by litigation and judicial immunity. *See* Dkt. ## 20, 30, *Block v. King County Superior Court, et al.* Case No. 3:18-cv-05579-BHS.[1]

**B.      Allegations of Ms. Block's Complaint**

Plaintiff's Complaint is, to put it mildly, difficult to decipher. It is confusingly organized with paragraph numberings that make little sense, rife with conclusory and inflammatory accusations, and is full of vague claims that resemble twisted versions of actual legal standards. Nevertheless, the Court endeavors to discern what claims can be reasonably extracted from Plaintiff's filing.

The basis for Plaintiff's Complaint appears to be another event in the long-running litigation against the City of Gold Bar in the Snohomish County Superior Court, Cause No. 15-2-06148-6. According to Plaintiff's Complaint, Defendants Snohomish County and Snohomish County Superior Court Commissioner Jacalyn Brudvik violated her rights under federal and state laws by granting her request to continue a hearing for a motion for sanctions filed by the City of Gold Bar. Dkt. # 1-1 at pp. 4-13. The order in question,

---

[1] The Court takes judicial notice of these other actions. Fed. R. Evid. 201; *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

ORDER – 5

dated June 1, 2018, was granted after Plaintiff requested accommodation under Washington GR 33, claiming she was unable to hear, walk, or drive safely because of an ear infection. *Id*. at pp. 4-8. Plaintiff contends that Commissioner Brudvik violated her rights by requiring her to provide written documentation of the medical issue that Ms. Block relied upon in requesting the continuance. *Id*. at p. 8, ¶¶ 3.90-3.91.[2] Plaintiff also faults Commissioner Brudvik for allegedly holding an "ex parte" hearing on Plaintiff's motion, and for setting the new hearing date for June 15, 2018, instead of June 7, 2018. *Id*. at ¶¶ 3.94-3.98. Against the Snohomish County Defendants, Plaintiff requests injunctive relief "and/or a writ of certiorari and prohibition" to the Snohomish County Superior Court to vacate and enjoin Commissioner Brudvik's order, as well as declaratory relief that Commissioner Brudvik "is in violation of state and federal constitutional and state privacy laws." *Id*. at ¶¶ 9.1-9.6.

In addition to Snohomish County and Commissioner Brudvik, Plaintiff also named as Defendants in this action the lawyers representing the City of Gold Bar in the underlying Snohomish County action: Shannon Ragonesi, Amanda Butler and their law firm Keating, Buckling and McCormick. Plaintiff argues that the KBM Defendants violated her rights under state and federal law by filing the underlying motion for sanctions against her in the Snohomish County lawsuit. *Id*. at 11, ¶ 3.12. Against the KBM Defendants, Plaintiff claims violations of the Americans with Disabilities Act ("ADA"), the First Amendment of the United States Constitution, and the Fourteenth Amendment of the United States Constitution. Dkt. # 1-1 at ¶¶ 1.13 3.12. Plaintiff also asserts state law claims of barratry, abuse of process, intentional infliction of emotional distress, defamation, and deceptive trade violations. *Id*. at 14-19. Plaintiff also seeks Declaratory Judgment under RCW 7.24 declaring that the KBM Defendants' actions

---

[2] Although Plaintiff contends that Commissioner Brudvik's order required Plaintiff to turn over Plaintiff's "medical files since birth," the actual order, for which the Court takes judicial notice of and is attached as Appendix A to the KBM Defendants' Motion to Dismiss (Dkt. # 12), simply states that Plaintiff must submit written documentation of medical issues with regard to Plaintiff's request for a continuance.

ORDER – 6

violated her rights, and for a reference to the U.S. Department of Justice Civil Rights Division for "appropriate criminal prosecution." Dkt. # 1-1 at 13, 16-18.

On July 25, 2018, the KBM Defendants filed their Motion to Dismiss. Dkt. # 12. On August 13, 2018, Plaintiff filed a Motion for Extension of Time to file a response, citing "computer problems." Dkt. # 15. Plaintiff filed her Response a day later, and the Court terminated the Motion for Extension of Time as moot. Dkt. # 16. Plaintiff's Response purported to contain a number of motions separate from the Response, though they were not noted as such. *Id.* at 2-4.

On August 23, 2018, the Snohomish County Defendants filed their Motion to Dismiss. Dkt. # 19. On September 10, 2018, Plaintiff again filed a Motion for Extension of Time, and again cited "computer problems." Dkt. # 21.[3] Plaintiff's filing a day later was noted as a "Motion to Disqualify, Motion to Strike, and Response" to the Snohomish County Defendants' Motion to Dismiss. Dkt. # 22. The Snohomish County Defendants filed a Reply (Dkt. # 23), and Plaintiff filed a "Surreply" that was not noted as a motion, but requested the Court strike various portions of the Motion to Dismiss that she disagreed with. Dkt. # 25.

On October 24, 2018, the KBM Defendants filed supplemental authority, which consisted solely of Judge Settle's Order in *Block v. King County Superior Court, et al.* Case No. 3:18-cv-05579-BHS dismissing that case on summary judgment. Dkt. # 26. On November 1, 2018, Plaintiff moved to strike this supplemental authority. Dkt. # 27.

All of these motions are now before this Court.

## III. DISCUSSION.

### A. KBM Defendants' Motion to Dismiss (Dkt. # 12)

Rule 12(b)(6) requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v.*

---

[3] As a preliminary matter, the Court **GRANTS** Plaintiff's Motion to Extend, which is unopposed, based on Plaintiff's alleged technical difficulties. Dkt. # 21.

ORDER – 7

*Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Because Plaintiff is *pro se*, the court must construe her complaint liberally when evaluating it under the *Iqbal* standard. *See Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011). Although the court holds the pleadings of *pro se* plaintiffs to "less stringent standards than those of licensed attorneys," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, the court should "not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Nevertheless, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)) (internal quotation marks omitted)

The KBM Defendants were the first to move to dismiss Plaintiff's claims, on the grounds that (1) Plaintiff's filing might constitute a violation of the Bar Order against

ORDER – 8

Plaintiff's filing complaints in this District; (2) the conduct by KBM alleged in the Complaint is protected by absolute immunity; and (3) Plaintiff fails to state a claim under federal or state law. Dkt. # 12.

The Court agrees with the KBM Defendants that at the very least, Plaintiff's claims fail as a matter of law because the KBM Defendants enjoy absolute immunity for their alleged litigation conduct serving as the basis for Plaintiff's claims. Generally, Washington law establishes that an attorney is immune from litigation by an opposing party for actions taken on behalf of a client against that party, under the doctrine of the "judicial action privilege." *Jeckle v. Crotty*, 120 Wn. App. 374, 386, 85 P.2d 931 (2004); *McNeal v. Allen*, 95 Wash. 2d 265, 621 P.2d 1285 (1980). This doctrine bars a plaintiff from suing attorneys and law firms for actions undertaken in litigation while "representing their clients." *Id*.

Here, the basis for Plaintiff's case against the KBM Defendants appears to be KBM's filing a motion for sanctions against Plaintiff, rescheduling a hearing, participating in an alleged ex parte hearing, and seeking to have a Commissioner decide on of their motions. Dkt. # 1-1 at ¶¶ 3.8-3.9, 3.94-3.97, 3.12-3.16. Because all of these actions were taken by KBM through its representation of the City of Gold Bar in active litigation, they are protected by the judicial action privilege and cannot serve as the basis for Plaintiff's claims. *See, e.g, McClain v. 1st Sec. Bank of Washington*, C15-1945 JCC, 2016 WL 8504775, at *5 (W.D. Wash. Apr. 21, 2016) (applying *Jeckle* and determining that because "[a]ll of McClain's state law claims against Huffington, McKay, and their firm are based on actions they took on behalf of FSBW . . . [t]hey are therefore immune from liability for these actions.").

Even if these actions were not protected by the judicial action privilege, the Court would still find that all of Plaintiff's claims against the KBM Defendants would fail. First, Plaintiff's federal constitutional claims, which the Court construes as arising under

42 U.S.C. § 1983,[4] would fail as a matter of law.  To state a claim under Section 1983, a plaintiff must allege that the constitutional violation she suffered was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  The KBM Defendants are private citizens, and Plaintiff fails to allege that they were acting under color of state law.  Even if Plaintiff had done so, the KBM Defendants would be entitled to qualified immunity because of the actions they took in litigation on behalf of their client, the City of Gold Bar.  *Filarsky v. Delia*, 566 U.S. 377, 390 (2012) (holding that attorneys "acting on behalf of the government" on a non-permanent, non-full-time basis are afforded qualified immunity).

Second, Plaintiff's state law claim for barratry fails as a matter of law.  The crime of barratry, codified at RCW 9.12.010, does not provide for a civil cause of action, and this Court has already held that such claims are not viable.  *See, e.g.*, *Wells Fargo Bank, N.A. v. Genung*, No. C13-0703JLR, 2013 WL 6061592, at *7 (W.D. Wash. Nov. 18, 2013) ("[T]his court has not found any authority indicating that RCW 9.12.010 establishes a private cause of action.").  Moreover, even if such an action was permitted, Plaintiff fails to allege facts that suggest that the KBM Defendants brought, or encouraged another person to bring, a false suit against her; in fact, Plaintiff was the party who initiated the underlying suit against Gold Bar, not the KBM Defendants.

Third, Plaintiff's claim for abuse of process under Washington law also fails.  A person commits the tort of abuse of process when he or she "uses a legal process . . . against another primarily to accomplish a purpose for which it is not designed."  *Bellevue Farm Owners Ass'n v. Stevens*, 198 Wash. App. 464, 394 P.3d 1018, 1024 (2017) (quoting Restatement (2d) of Torts § 682).  "[T]he mere institution of a legal proceeding[,] even with a malicious motive[,] does not constitute an abuse of process."  *Maytown Sand and Gravel, LLC v. Thurston Cty.*, 191 Wash.2d 392, 423 P.3d 223, 247

---

[4] Plaintiff appears to agree with this construction and does not contest the KBM Defendants' argument that Section 1983 applies to Plaintiff's alleged constitutional violations.  Dkt. # 16 at 10.

ORDER – 10

(2018) (quotations omitted). Here, Plaintiff's allegations against the KBM Defendants, who Plaintiff generally faults for moving for sanctions and rescheduling hearings, fail to set forth how the KBM Defendants were using legal processes in unintended ways. Moreover, Plaintiff fails to articulate any cognizable harm from these actions.

Fourth, Plaintiff's "deceptive trade practices" argument fails to state a claim under the Washington Consumer Protection Act ("CPA"). To state a claim under the CPA, a plaintiff must allege five elements: (1) "an unfair or deceptive act or practice," (2) occurring "in trade or commerce," (3) "a public interest," (4) "injury to the plaintiff in his or her business or property," and (5) "a causal link between the unfair or deceptive act and the injury suffered." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wash. 2d 59, 170 P.3d 10, 17 (2007) (citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 719 P.2d 531, 535 (1986)). An unfair or deceptive act is an act that deceives or "[has] the capacity to deceive a substantial portion of the public." *Indoor Billboard*, 170 P.3d at 18. Plaintiff alleges that the KBM Defendants "knowingly published omitted fact [sic] amount to deceptive act or practices in the conduct of trade or commerce," but does not explain how these acts were deceptive under Washington law, how they harmed a business she owns in any way, and how they implicated the public interest.

Fifth, Plaintiff fails to state a claim for intentional infliction of emotional distress or "outrage." To establish a claim of intentional infliction of emotional distress, a plaintiff must show: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress. *See, e.g., Reid v. Pierce Cty.*, 136 Wash.2d 195, 961 P.2d 333, 337 (1998); *Christian v. Tohmeh*, 191 Wash. App. 709, 366 P.3d 16, 30 (2015). "Liability [for intentional infliction of emotional distress] exists only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Reid*, 961 P.2d at

ORDER – 11

337 (internal quotation marks, citation, and emphasis omitted). Here, Plaintiff's allegations generally paint a picture of a law firm attempting to get Plaintiff to comply with normal litigation processes. Nothing in Plaintiff's Complaint rises to the level of outrage required for such a claim. Moreover, Plaintiff fails to articulate any sort of "severe emotional distress."

Sixth, Plaintiff's defamation claim, which mirrors her abuse of process claim, also fails. To plead defamation under Washington law, a plaintiff must show four essential elements: falsity, an unprivileged communication, fault, and damages. *Mark v. Seattle Times*, 96 Wash.2d 473, 486, 635 P.2d 1081, 1088 (1981). Plaintiff's defamation claim fails on each element. Plaintiff does not identify any "false" statement made by the KBM Defendants, nor does Plaintiff allege that any such statement was unprivileged. Plaintiff argues that Defendants published "omitted facts," but does not elaborate on what those facts were, and why they matter. Dkt. # 1-1 at 14. Plaintiff also fails to plead fault and any resulting damage. Moreover, in addition to being foreclosed by the judicial action privilege, Plaintiff's defamation claim is also subject to Washington's litigation privilege. Statements made during the course of and relevant to judicial proceeding are absolutely privileged. *Story v. Shelter Bay Co.*, 52 Wn. App. 334, 338, 760 P.2d 368, 371 (1988).

In her Response, Plaintiff makes a series of arguments that range from irrelevant to inaccurate. First, Plaintiff's Response starts off as a series of purported and improperly noted motions, all of which this Court will **DENY**. Dkt. # 16 at 2-4. The Court's responses to Plaintiff's purported Motion to Disqualify and Motion to Strike Character Evidence, which are not noted in this Response but are reproduced and noted in Plaintiff's Response to the Snohomish County Defendants Motion to Dismiss, are discussed below, and denied for the same reasons. As to Plaintiff's "Motion to Strike Motion in its Entirety," Plaintiff's argument that the Court should strike the KBM Defendant's Motion because it is missing page three is unavailing; the Motion clearly includes page three. *See* Dkt. # 12 at 3.

ORDER – 12

Second, Plaintiff spends numerous pages in an apparent attempt to relitigate the circumstances that led to the Bar Order, as well as the viability of the Bar Order itself. Dkt. # 16 at 4-8. The Court finds these claims meritless. Plaintiff's behavior that led to the Bar Order is well-documented in previous suits before this Court, and Plaintiff's behavior and arguments in this case do nothing to dispel the appropriateness of that Bar Order.

Third, Plaintiff argues that Washington's Constitution does not allow for immunities. Dkt. # 16 at 8. Plaintiff's argument here is based off a misreading of Article 1, Section 12 of Washington's Constitution, which states "No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations." This provision applies to challenges of laws passed by the Washington Legislature that confers a privilege or immunity to a certain class of citizens. *Grant Cty. Fire Prot. Dist. No. 5 v. City of Moses Lake,* 150 Wash.2d 791, 805, 83 P.3d 419, 425 (2004). The privileges or immunities must pertain to "those fundamental rights which belong to the citizens of the state by reason of such citizenship." *Id.*

This provision allows for the challenge of laws conferring unequal benefits affecting fundamental rights; it does not eliminate the existence of immunities altogether. Plaintiff ignores the host of immunities that the Washington Supreme Court has since recognized, such as judicial immunity, or those granted by statute, for which the KBM Defendants cite numerous examples. *Schibel v. Eymann*, 189 Wash.2d 93, 102 n. 1, 399 P.3d 1129, 1133 n. 1 (2017) (recognizing judicial immunity); *see also* Dkt. # 18 at 2 (citing various statutory immunities codified at RCW 4.24.235 - 4.24.300; 4.24.400 - 4.10, 4.24.510; 4.24.720-740; and 4.24.800 - 4.24.810). Moreover, the judicial action privilege, litigation privilege, and judicial immunity are all common law immunities, and Plaintiff has shown no plausible application of Washington's Constitution that would eliminate these doctrines. *See, e.g.*, RCW 4.04.010 ("The common law, so far as it is not

ORDER – 13

inconsistent with the Constitution and laws of the United States, or of the state of Washington nor incompatible with the institutions and condition of society in this state, shall be the rule of decision in all the courts of this State.").  Plaintiff does not engage in any sort of analysis that would suggest that Article 1, Section 12 applies to the present dispute, or eliminates the judicial action privilege.

Of the multiple authorities Plaintiff cites for her argument that litigation immunities do not exist, only a handful address the issue of immunity at all, and none apply to this dispute. Dkt. # 16 at 9-11.  Both *Jennings v. Shuman*, 567 F.2d 1213 (3d Cir. 1977) and *Hardwick v. County of Orange*, 844 F.3d 1112 (9th Cir. 2017) concerned prosecutorial immunity, not the judicial action privilege, and neither held that the immunity didn't exist, only that the application should be analyzed in the facts of those cases.  This case does not concern prosecutorial or quasi-prosecutorial immunity.  The other Ninth Circuit authority cited by Plaintiff, *Spencer v. Peters*, 857 F.3d 789 (9th Cir. 2017), did not address any assertions of immunity or privilege at all.  None of the other authorities Plaintiff casually references provide any support for her position.

Next, Plaintiff argues that *Twombly* and *Iqbal* do not apply to govern the sufficiency of pleadings filed in Washington state court. Dkt. # 10-12.  Plaintiff is correct insofar as the "[Washington] Supreme Court does not follow *Twombly* and *Iqbal*." *McCurry v. Chevy Chase Bank, FSB*, 169 Wash. 2d 96, 101–02, 233 P.3d 861 (2010) (citing *Handlin v. On-Site Manager Inc.*, 187 Wn. App. 841, 845, 351 P.3d 226, 228 (2015).  However, because Defendants removed Plaintiff's case to federal court, the federal pleading standards set forth in *Iqbal* govern the sufficiency of her Complaint.  *See Smith v. Bayer Corp.*, 564 U.S. 299, 304 n.2 (2011) ("[F]ederal procedural rules govern a case that has been removed to federal court."); *Harris v. City of Seattle*, Case No. 02-2225-MJP, 2003 WL 1045718, at *2 (W.D. Wash. Mar. 3, 2003) (holding that in a case removed to federal court, "federal law, not state law, governs with what specificity [the p]laintiff must plead in order to survive a 12(b)(6) motion").

ORDER – 14

Finally, as to the KBM Defendants' argument that Plaintiff's present case might be foreclosed by this Court's Bar Order: although this Court finds that Plaintiff violated the terms of the Bar Order through her failure to show any basis for good cause for this lawsuit, the Court recognizes that the language of the Bar Order seemingly applies only to cases filed "in this District." *See* Dkt. #122, *Block v. Washington State Bar Ass'n*, Case No. 2:15-cv-02018-RSM (W.D. Wash. April 13, 2016). While, in other litigations, the Bar Order was applied to a federal case filed in another district that was subsequently transferred here, it was not addressed in a case filed in King County Superior Court that was removed. *Compare* Dkt. # 62, *Block v. Washington State Bar Ass'n,* Case No. 3:18-cv-907-RSM (W.D. Wash. July 12, 2018) *with* Dkt. # 30, *Block v. King County*, Case No. 3:18-cv-05579-JRC (W.D. Wash. January 14, 2019). The KBM Defendants recognize that this matter is more alike to the latter case than the former and does not argue the Bar Order applies here with much conviction. Dkt. # 12 at 2 ("Defendants defer to the Court to determine whether the prefiling restriction against Plaintiff apply under the circumstances.").

Because this Court dismisses all of Plaintiff's claims with prejudice, as noted below, it need not delve too much into this question. Moreover, Plaintiff now appears to be subject to a similar vexatious litigant order entered July 10, 2018 in Washington state court, which incorporates this Court's Bar Order and bars Plaintiff from future filings in "any Washington State Superior Court" without showing good cause and payment of outstanding fees, fines, and judgments. *See* Dkt. # 14 at Appendix A, *Block v. King County*, Case No. 3:18-cv-05579-JRC (W.D. Wash. July 25, 2018). The Court will not rewrite these restrictions in the present Order.

Accordingly, the Court **GRANTS** the KBM Defendants' Motion to Dismiss.

**B.    Snohomish County Defendants' Motion to Dismiss (Dkt. # 19)**

The Snohomish County Defendants have also moved to dismiss Plaintiff's claims, primarily on the basis that Commissioner Brudvik's actions are protected by judicial immunity.  Dkt. # 19.  The Court agrees.

As a preliminary matter, Plaintiff is correct that because the Snohomish County Defendants' Motion to Dismiss was filed after they filed their Answer (Dkt. # 17), their Motion cannot be made under Rule 12(b)(6), but rather 12(c).  The Court, in its discretion, thus construes the Snohomish County Defendants' Motion to Dismiss as one made pursuant to Rule 12(c).  *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam) (holding that trial court can properly treat 12(b)(6) motion for failure to state claim filed after answer was filed as one for judgment on the pleadings under Rule 12(c)).  The standard for dismissing claims under Rule 12(c) is "substantially identical" to the Rule 12(b)(6) standard set forth in *Iqbal*, 556 U.S. at 678; *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012) (internal quotation marks and citation omitted); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) ("Although Iqbal establishes the standard for deciding a Rule 12(b)(6) motion, we have said that Rule 12(c) is functionally identical to Rule 12(b)(6) and that the same standard of review applies to motions brought under either rule.") (internal quotation marks and citation omitted). This is because, "under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez*, 683 F.3d at 1008 (internal quotation marks and citation omitted).

Here, it is clear from the face of the Complaint that all of Plaintiff's claims against the Snohomish County Defendants are either barred by judicial immunity or fail on their face.  First, the Snohomish County Defendants are correct in observing that Plaintiff's Complaint does not state any direct claim, or allege any fault, against Defendant Snohomish County.  Dkt. # 19 at 5.  Any liability for Snohomish County would, under

Plaintiff's Complaint, be derived wholly from the alleged liability of Commissioner Brudvik, which, as stated below, cannot lie due to judicial immunity.

As to the claims against Commissioner Brudvik, the Snohomish County Defendants argue that the actions serving as the basis for the Complaint are protected by judicial immunity. Generally, judges are generally afforded absolute immunity when functioning in their official capacities. *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (state circuit judge is immune from suit for all actions within his jurisdiction). "Judicial immunity is a common law doctrine developed to protect judicial independence." *Moore v. Urquhart*, 899 F.3d 1094 (9th Cir. 2018) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The doctrine provides judges absolute immunity from liability for damages for acts committed within their judicial capacity, even if they are accused of acting maliciously or corruptly. *See, e.g., Stump*, 435 U.S. at 355-56. Quasi-judicial immunity also applies even when covered individuals are accused of acting maliciously and corruptly. *Grundstein v. Wash. State Bar Ass'n*, 2012 WL 3901615 (W.D. Wash. Sept. 7, 2012) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)), *aff'd*, 576 Fed. Appx. 708 (9th Cir. May 29, 2014).

This immunity protects judges from suits for damage for judicial acts. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (explaining that judges are immune from suit for money damages for judicial acts and setting forth factors "relevant to the determination of whether a particular act is judicial in nature"). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Id.* at 362. This protection also extends to Court Commissioners when they undertake acts in their judicial capacity. *See, e.g., Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (judicial immunity applies to municipal court commissioner); *see also Rygg v. Hulbert*, C14-237-MJP, 2014 WL 5023627, at *6 (W.D. Wash. Oct. 8, 2014) (applying judicial immunity to bar claims against commissioner for acts taken in judicial capacity). Thus, any claim for damages against Commissioner

ORDER – 17

Brudvik would fail because Commissioner Brudvik is entitled to absolute judicial immunity. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999).

As to Plaintiff's requests for declaratory of injunctive relief, common law judicial immunity does not generally protect a state court judge against declaratory or injunctive relief. *See Moore*, 899 F.3d at 1104. Section 1983, however, grants judges immunity from injunctive relief for actions taken in their judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Moore*, 899 F.3d at 1104 (noting that Section 1983 "provides judicial officers immunity from injunctive relief even when the common law would not"). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Ninth Circuit has identified four factors that weigh in favor of finding that a judge took a particular action in a judicial capacity: (1) "the precise act is a normal judicial function"; (2) "the events occurred in the judge's chambers"; (3) "the controversy centered around a case then pending before the judge"; and (4) "the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Duvall*, 260 F.3d at 1133. Assessing these factors, the Court finds Commissioner Brudvik's alleged actions were unquestionably judicial in nature. Commissioner Brudvik's actions in granting Plaintiff's motion for a continuance while requiring additional proof of the medical reasons given for the continuance, as well as Plaintiff's claimed disability, were normal judicial functions occurring in chambers during an active case. They were, in fact, judicial actions specifically authorized under GR 33(b)(5). Moreover, "[d]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *La Scalia v. Driscoll*, No. 10-CV-5007 (SLT) (CLP), 2012 WL 1041456, at *7 (E.D.N.Y. Mar. 26, 2012) (quotation marks and citation omitted). Here, Plaintiff concedes that had relief available by appealing Commissioner Brudvik's order in the underlying lawsuit, but she

ORDER – 18

has not taken advantage of this. Dkt. # 19 at 10. Accordingly, Plaintiff's claims do not fall within the narrow circumstances in which a court may award injunctive relief against a judicial officer under Section 1983. Plaintiff's request for injunctive relief is barred.[5]

As to Plaintiff's request for declaratory relief, the Court recognizes that Section 1983 does not bar declaratory relief in suits against state court judges for actions taken in their judicial capacities. *See, e.g., Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012); *Collin v. Zeff*, No. CV12-8156 PSG, 2013 WL 3273413, at *5 C.D. Cal. Jun. 24, 2013) ("Absolute judicial immunity generally is not a bar to declaratory relief against a start court judge."). Here, Plaintiff's declaratory judgment claim in her Complaint asserts that Commissioner Brudvik's order "created a cause of action for Injunction and/or Declaratory relief as to violations of Plaintiff's right to privacy in health care records." Dkt. # 1-1 at 16.[6] Plaintiff claims the requirement for Plaintiff to turn over the medical information serving as the basis for her continuance request violated her right to privacy under the Washington Constitution Article 1 Section 7,[7] as well as the Fourth and Fourteenth Amendments to the U.S. Constitution. *Id.* at 16-18.

Plaintiff's request for declaratory relief fails for a host of other reasons. First, Plaintiff's request focuses primarily on retrospective relief for events Commissioner Brudvik did in the past. This sort of backward-looking declaratory relief is barred by the

---

[5] As to Plaintiff's request to issue "writs of certiorari and prohibition" (Dkt. # 11 at 14), federal district courts cannot issue writs to review or prohibit state court actions. *See, e.g., Johnson v. State of Washington*, No. C05-1283MJP, 2005 WL 3242143, at *1 (W.D. Wash. Nov. 30, 2005) ("[A] writ of prohibition may not be brought in a federal district court to prohibit actions by a state court."); *Londono-Rivera v. Virginia*, 155 F.Supp.2d 551, 559 n.4 (E.D. Va. 2001) ("[A] federal district court cannot issue a writ to a state court.").

[6] The Complaint seeks relief under RCW 7.24, the Washington Uniform Declaratory Judgment Act, which is the state law equivalent to 28 U.S.C. § 2201. The distinction between the federal and state statutes is immaterial to resolving the Snohomish County Defendants' Motion to Dismiss.

[7] Article I, Section 7 of the Washington Constitution provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law."

ORDER – 19

Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 67-69 (1985) (distinguishing claims for prospective and retrospective relief and explaining that claims for retrospective relief are barred by the Eleventh Amendment). Moreover, to the extent Plaintiff's request for relief is prospective, it depends on the viability of its underlying claims, which fail as a matter of law. For instance, Plaintiff gives no supporting explanation or authorities for how her U.S. Constitutional rights are implicated through Commissioner Brudvik's actions, and the Washington Supreme Court has declined to recognize a private right of action under that provision of the Washington Constitution. *Reid v. Pierce Cty.,* 136 Wash.2d 195, 213, 961 P.2d 333, 342 (1998); *see also Keyes v. Blessing,* No. 25982-0-III, 145 Wash. App. 1024, 2008 WL 2546439, at *1 n.1 (Wash. Ct. App. June 26, 2008) ("[T]here is no private right of action under [Article I, Section 7] of the state constitution."). Next, any privacy right Plaintiff had in verification of medical issue evaporated when she put her medical condition at issue in requesting a continuance on that basis. *See, e.g., Equal Employment Opportunity Comm'n v. Cheesecake Factory, Inc.*, C16-1942-JLR, 2017 WL 4168264, at *1 (W.D. Wash. Sept. 19, 2017) ( "Mr. Ivanov waived his medical privacy rights . . . as to records related to his hearing impairment and any undisclosed disability . . . because he placed his disability or disabilities at issue due to the substance of his claims under the ADA."). Finally, Plaintiff submitted her request for a continuance under Washington GR 33. Dkt. # 1-1 at ¶ 3.2. GR 33 specifically allows for the reviewing court to request additional medical information about the claimed disability. *See* GR 33(b)(5) ("The court may require the person requesting accommodation to provide additional information about the qualifying disability to help assess the appropriate accommodation."). This is precisely what happened here. Commissioner Brudvik did not order Plaintiff to disclose all her medical records, only those relating to her claimed disability accommodation under GR 33. Plaintiff cites no authority that allows her to request accommodation for her alleged

ORDER – 20

disability in one breath while claiming that furnishing proof of this disability is an invasion of privacy in another.

Ultimately, Plaintiff does not furnish any basis upon which to support a declaratory judgment claim, or any other claim, against the Snohomish County Defendants. Plaintiff's Response to the Snohomish County Defendants' Motion to Dismiss is largely and often word-for-word identical to her Response to the KBM Defendants' Motion to Dismiss. The first few pages of Plaintiff's Response include a series of noted motions, which are **DENIED** for the reasons discussed in more detail below. Dkt. # 22 at 2-5. The rest of the Response hits the familiar beats: relitigating the Bar Order, arguing that Article 1 Section 12 of the Washington Constitution bars all immunities, and arguing that *Twombly* and *Iqbal* don't apply. Dkt. # 22 at 5-13. Those arguments will be rejected for the same reasons they failed in Plaintiff's previous Response. The only unique arguments the Court can discern is Plaintiff's contention that Washington has waived immunity with respect to the ADA with the passage of GR 33, and that Commissioner Brudvik's order was "administrative" and thus not deserving of immunity. *Id.* at 11-12. The Court finds no support for Plaintiff's arguments in the authorities she cites. As the Snohomish County Defendants note, the relevant authorities state the contrary: that judicial immunity applies to ADA claims, and Commissioner Brudvik's order on a motion for sanctions was a judicial act, not an administrative one.

Accordingly, the Court **GRANTS** the Snohomish County Defendants' Motion to Dismiss.

### C.    Leave to Amend

The Court next considers whether to grant Plaintiff leave to amend her Complaint. The Court may grant leave to amend freely when justice so desires. Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991); *United*

ORDER – 21

*States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981).  Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)).

The Court concludes that granting further leave to amend would be futile.  Even if Plaintiff could state a claim under federal or state law, which her Complaint currently does not, Plaintiff's claims against the KBM and Snohomish County Defendants would still be barred by the judicial action privilege and judicial immunity, respectively.

Given the severe deficiencies in the present lawsuit, the Court will not grant Plaintiff an opportunity to file an amended pleading, which would be futile.  Plaintiff's claims will thus be **DISMISSED WITH PREJUDICE**.

### D. Outstanding Motions and Issues

The Court next considers Plaintiff's various outstanding motions currently pending before this Court, as well as the issue of what to do with the lone remaining Defendant, Pat McMahon.

First, as to Plaintiff's Motion to Strike portions of each Motion to Dismiss to the extent they rely on character evidence in alleged violation of Fed. R. Evid. 404, this request is **DENIED**.  Dkt. ## 16, 22.  The "evidence" cited by Defendants in their motions, which relate to Plaintiff's documented conduct in previous litigations, all pertain to Plaintiff's vexatious litigation behavior before this Court.  These instances are necessary to analyze, for instance, Plaintiff's compliance with various court orders, including the Bar Order, and the historical context of this sprawling litigation saga.  The Court finds that this "evidence" does not fall under the ambit of Rule 404's prohibition on character evidence.

ORDER – 22

Second, as for Plaintiff's Motion to Disqualify, which is only noted in Dkt. # 22 but also appears in Dkt. # 16, the sole basis for this request appears to be a single e-mail from this Court in Ms. Block's first lawsuit before this Court. Dkt. # 22-2. In this e-mail, the Court requested from the defendant in that case a courtesy copy of a motion they filed, and included Plaintiff on the e-mail. *Id.* Plaintiff contends, without supporting authority or explanation, that this communication constituted this Court giving legal advent to Plaintiff's opponent. The Court disagrees. Requesting a party's compliance with a local rule does not rise to a Court's furnishing of legal advice. The Court **DENIES** Plaintiff's Motion to Disqualify and declines to voluntarily recuse itself from this case.[8]

Plaintiff's next outstanding motion requests that this Court disregard the Snohomish County Defendants' Motion to Dismiss due to a lack of a good faith attempt to meet and confer with Plaintiff before filing. Dkt. # 22 at 2. The Court disagrees. Based on the available evidence, the Snohomish County Defendants made multiple attempts to reach Plaintiff to set up a time to meet and confer, but Plaintiff responded first incomprehensibly, then not at all. Dkt. # 20 at ¶¶ 2-4, Ex. A. The Snohomish County Defendants reasonably concluded that further efforts would be futile. The Court does not see any violations of its Standing Order in what appears to be a good faith attempt to contact Plaintiff to meet and confer.

Plaintiff also moves to strike the KBM Defendants' submission of supplemental authorities. Dkt. # 27. As the KBM Defendants note, they make no argument in this submission, which merely attaches a copy of Judge Settle's order that dismissed Plaintiff's similar claims against KBM. Judge Settle's order was entered well after the KBM Defendants' filed their Motion. This is not improper under Local Civil Rule 7(n), and Plaintiff's request is **DENIED**.[9] Likewise, Plaintiff's request to strike material in the

---

[8] Judge Martinez affirmed this decision on February 19, 2019 per Local Civil Rule 3(f). Dkt. # 31.

[9] To the extent not specifically addressed in this Order, all of Plaintiff's outstanding requests are otherwise **DENIED AS MOOT**.

ORDER – 23

Snohomish County Defendants' Reply in Plaintiff's Surreply is **DENIED** as the Court does not find any improper argument in that Reply. Dkt. # 25.

Finally, as the Snohomish County Defendants note, despite naming "Pat McMahon" as a Defendant, the Complaint does allege any facts concerning or otherwise mention "Pat McMahon" at all, and there is no indication a "Pat McMahon" was ever served with this lawsuit. *Id.* at n. 1. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE within fourteen (14) days of this Order** why Plaintiff's claims, to the extent any exist, should not also be dismissed as to Pat McMahon. If Plaintiff fails to make such a filing, or if Plaintiff's filing does not set out an adequate basis for keeping Defendant Pat McMahon in this lawsuit, the Court will dismiss Pat McMahon as a Defendant, and terminate this case.

## IV.  CONCLUSION

For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Extension of Time (Dkt. # 21), **GRANTS** Defendants' Motions to Dismiss (Dkt. ## 12, 19), and **DISMISSES** Plaintiff's claims against these Defendants **WITH PREJUDICE**. The Court **DENIES** all of Plaintiff's other outstanding motions. Dkt. ## 22, 25, 27. Moreover, the Court also **ORDERS** the Plaintiff to **SHOW CAUSE**, within fourteen (14) days of this Order, why this case should not also be dismissed as to Defendant Pat McMahon.


Dated this 27th day of February, 2019.

Richard A Jones
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 24